Filed 8/5/26  P. v. Henry CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ROGER DALE HENRY, JR.,<br><br>        Defendant and Appellant. | A175284<br><br>(Mendocino County<br>Super. Ct. No. 25CR07709) |

Roger Dale Henry, Jr. filed a notice of appeal challenging his sentence, matters occurring after the plea that do not affect the validity of the plea, and the denial of his pretrial motion to suppress evidence.  Appellate counsel filed a brief pursuant to the procedures prescribed in *People v. Wende* (1979) 25 Cal.3d 436, 441–442 (*Wende*) and notified Henry of his right to file a supplemental brief identifying the concerns he would like this court to address.  After conducting an independent review of the record, we find no basis upon which to disturb the judgment, and we therefore affirm.

## I.  BACKGROUND

An information accused Henry of committing felony offenses for being in possession of a controlled substance while armed with a firearm (Health & Saf. Code § 11370.1, subd. (a)) and being a felon in possession of a firearm

1

(Pen. Code § 29800, subd. (a)(1))[1].  Five circumstances in aggravation accompanied the charges.  (Cal. Rules of Court, rules 4.421(a)(2) [armed during the crime], 4.421(a)(7) [person convicted of other crimes for which consecutive sentences could have been imposed but for which concurrent sentences are being imposed], 4.421(b)(2) [prior convictions are numerous or of increasing seriousness], 4.421(b)(3) [prior prison term served under section 1170, subd. (h)], and 4.421(b)(4) [person on probation when crime committed].)

Henry filed a motion to suppress evidence contending he had been illegally detained and searched by police.  Two witnesses testified at the hearing on the motion.  Damian Angell, a sworn police officer with the Willits Police Department, testified he was working on May 19th, 2025.  Around 7:36 p.m., while in full uniform and operating a marked patrol vehicle, he was dispatched to Maple Street after a white male with long hair, a backpack, and a bicycle was reportedly looking into vacant homes.  Upon arrival, Henry matched the description.

Officer Angell contacted Henry in front of a residence at 410 Maple Street.  The officer parked "out of the way" in a manner that did not block Henry from leaving down the driveway.  The officer did not turn on his overhead lights or siren.  After getting out of the vehicle, Henry began speaking to the officer.  The exchange was recorded on Officer Angell's body camera, and the recording was admitted into evidence and played for the court at the hearing.

Henry initially denied being on probation but quickly admitted he was on felony probation for being a felon in possession of a firearm.  The officer became concerned that Henry might be armed and directed him to stand by

---

[1] Undesignated statutory references are to the Penal Code.

his patrol vehicle. Officer Angell planned to conduct a pat search and told Henry to hold onto the front of the patrol vehicle. Next, the officer requested and received information from dispatch about Henry's probation and warrant status. Dispatch confirmed Henry had two outstanding warrants: one felony arrest warrant out of Shasta County and a non-citable misdemeanor warrant out of Mendocino County. A subsequent search of the backpack discovered a firearm, a methamphetamine pipe, and a locked container that had methamphetamine in it. The key to the lock was around Henry's neck.

Michael Stainbrook, a dispatcher with the Willits Police Department, confirmed that Henry was on probation and had two outstanding arrest warrants.

The trial court denied the motion to suppress evidence. It concluded the encounter had been consensual until Henry, who initially denied being on probation, volunteered that he was in fact on formal probation for being a felon with a firearm. Henry was then detained and pat searched. Once dispatch confirmed the outstanding warrants, the subsequent search of Henry's backpack incident to the arrest was not unlawful.

Henry later pleaded no contest to violating section 29800, subdivision (a)(1). In exchange for his felony plea, the remaining count was dismissed with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754, 758), and Henry was promised his sentence would not exceed two years in the state prison. The change of plea form disclosed Henry's understanding that he would not receive a sentence of probation unless "the court finds at the time of sentencing that this is an unusual case where the interests of justice would be best served by granting probation." Henry's plea also would result in a finding that he had violated his misdemeanor probation and "any time in that case would run concurrent."

Henry's past felony convictions made him presumptively ineligible for probation. (§ 1203, subd. (e)(4).) The probation department recommended a sentence of two years in the state prison. The court continued the sentencing hearing after defense counsel requested more time to challenge that assessment and argue for a lesser sentence.

At the sentencing hearing, the court considered the views of the parties and the probation department, denied Henry's request for probation, and sentenced him to the low term of 16 months state prison. Probation was denied after the trial court concluded a new grant of probation would not serve the interests of justice as Henry had been on "felony probation for the same conduct, possession of a firearm, when [he] committed this offense" and had a long record of poor performance under court supervision including 18 violations of probation or parole.

In his misdemeanor probation, Henry received a 45-day sentence that ran concurrently with the prison commitment. The court terminated probation as unsuccessful.

## II. DISCUSSION

Appointed counsel "thoroughly reviewed the entire record" and determined it was appropriate to file a brief pursuant to *Wende*. The brief sets forth the facts of the case, raises no arguable issues for appeal, and requests that we consider Henry's supplemental brief, if filed, and independently review the record for error. Henry did not file a supplemental brief within the 30-day period he was given to do so. (See *Anders v. California* (1967) 386 U.S. 738, 744 ["A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses . . ."]; *People v. Kelly* (2006) 40 Cal.4th 106, 120 [a defendant has the right to file supplemental contentions in a *Wende* appeal].)

We have conducted the requested review of the entire record.  This review satisfies us that no arguable issues exist and that the procedures under *Wende* have been followed.  (*Smith v. Robbins* (2000) 528 U.S. 259, 279–284 [approving *Wende* procedure as affording "adequate and effective appellate review"]; *Wende, supra*, 25 Cal.3d at p. 441.)

## III.  DISPOSITION

The judgment is affirmed.

_____
SMILEY, J.


WE CONCUR:



_____

HUMES, P. J.



_____

BANKE, J.







*People v. Henry* / (A175284)

6